PLOTKIN, Judge.
From the granting of a motion for summary judgment in favor of the plaintiff Ronnie Vallery, defendant Protective Insurance Company appeals. We affirm and amend.
FACTS:
Plaintiff Ronnie Vallery was involved in an automobile accident on October 25, 1988 with Donald Robinson, an employee of Delta Drayage Company (Delta). Vallery filed suit against Robinson; Delta; and Protective Insurance Company (Protective), Delta’s liability insurer. Protective did not file an answer or take part in any of the proceedings.
Delta and Vallery entered into a consent judgment in the amount of thirty-five thousand dollars. Vallery sought to collect this amount from Protective. Protective answered Vallery’s suit, denying any liability, after the consent judgment was confected. Vallery filed a motion for summary judgment which was granted. Protective argues on appeal that issues of material fact still remain. Specifically it argues that (1) it is not liable under its insurance agreement with Delta and (2) in the alternative, the existence of a “side agreement” between Vallery and Delta renders Protective liable for only twenty-eight thousand dollars, not thirty-five thousand dollars. LIABILITY:
Protective clearly agreed to be the surety for Delta on a Motor Carrier Public Liability Surety Bond. This bond provides liability coverage in the amount of $1,000,-000 and was in effect at the time of the accident. The bond states that it “shall inure to the benefit of any person or persons who shall recover a final judgment or judgments against the principal for public liability, property damage or environmental restoration liability claims.” Vallery has a final judgment for $35,000 for personal injuries sustained in an accident with Delta who was covered under the bond at the time of the accident. Under Louisiana Civil Code article 3045, Protective is liable for the debts of the principal obligor, Delta, without benefit of division or discussion. Therefore, because of the surety agreement, Protective is liable for the full amount of Delta’s liability which is covered under the bond.
Protective argues, however, that under their insurance agreement with Delta, it is only liable for claims in excess of two hundred fifty thousand dollars per occurrence. The $250,000 is, therefore, contemplated as *892 a form of deductible. Thus, since the claim against Delta was only for $35,000, Protective argues that it is not liable for the amount.
The bond defines Protective’s liability. The bond is drawn in favor of those persons who suffer personal injury, property or environmental damages caused by one of the carriers protected under the bond. Nowhere in the bond is there a reference to a $250,000 deductible or similar type of limitation on Protective’s liability. Because there is no limitation of Protective’s liability within the bond, the alleged deductible agreement does not affect third parties who are entitled to collect on the bond.
Protective does produce documents which show that Delta must indemnify Protective for any losses sustained by its executing the bond. However, as with the deductible agreement, the indemnification agreement is only effective between the parties and does not affect a third party who has a valid judgment against the principal tod his surety. Therefore, Protective is liable for the amount owed by Delta to Vallery.
QUANTUM:
The consent judgment was for $35,-000. However, Vallery and Delta agreed that if Vallery was unsuccessful in collecting $35,000 from Protective, he would receive $28,000 in nine installments from Delta, whereupon he would execute a release for the remaining amount. The reason for this agreement, according to Vallery, was to protect Vallery in the event that Protective was not actually liable for the amount of the judgment. This could have been the case if the coverage had lapsed or if Protective had filed for bankruptcy. Vallery further explains that Delta was in financial difficulty, thus a $28,000 judgment would have been more feasible for it to pay if Protective failed to pay the amount of the original consent judgment.
Protective argues that it is not liable for the amount of the consent judgment, $35,-000. As a surety, Protective argues that it cannot be held liable for more than the principal obligation. Because the “side agreement” renders Delta liable for only $28,000, Protective, as a surety, is only liable for that amount. Protective conceded during oral argument that, in the event the bond covered liability, the amount owed by it is $28,000. We agree.
The effect of the side agreement was to ultimately hold the principal, Delta, liable for only $28,000, while attempting to collect $35,000 from the more solvent surety, Protective. Although there is a final judgment for $35,000 in favor of the plaintiff, the side agreement acted as a transaction and compromise in the amount of $7,000. Louisiana Civil Code article 3076 provides that the surety will have the benefit of any transaction or compromise with the debtor. Therefore, Protective is liable for only $28,-000.
The trial court’s granting of a motion for summary judgment is affirmed. The judgment is amended in favor of the plaintiff Vallery and against the defendant Protective in the sum of $28,000 including legal interest from the date of judicial demand and all costs of these proceedings.
LANDRIEU, J., concurs.
SCHOTT, C.J., concurs in the result.